This is a writ of habeas corpus, directed to Colonel Anderson, requiring him to bring up the body of Zebedee Bigby, alleged to be in his regiment and under his command. The application for the habeas corpus was made by George Bigby, the father, in a petition setting forth that the said Zebedee was under the age of twenty-one years, and had been enlisted without the consent of the father, master or guardian. The facts set forth in the petition were well supported by affidavits.
Upon the investigation of this case, two questions *Page 144 
arose: First, whether this Court had a right to discharge the soldier until an application had been fruitlessly made to the Secretary of War? And secondly, whether he could be discharged, as the application was not made by him, but by his father? The son was about eighteen years of age, and there was no proof that he wished to leave the service of the United States.
The first objection taken by the defendant's counsel in this case is, that where a man of any age has signed the enlistment, taken the oath, and been mustered in, no judge has a right to intterfere by habeas corpus
discharge him until the War Department has improperly refused. The Constitution of the United States, Art. 1, sec. 9, declares "that the privilege of the writ of habeas corpus shall not be suspended unless, when in cases of rebellion or invasion, the public safety may require it." Congress would not pass a law vesting the War Department with a power which would in effect suspend the writ of habeas corpus. The judges, by law, are vested with the power to issue writs of habeas corpus
in all cases where citizens are illegally confined. Men constrained to enlist by force, or enlisted under the age of twenty-one, without the consent of their parents, masters or guardians, are illegally confined. They are not regularly soldiers, not having been properly and legally enlisted; and are therefore entitled to their discharge upon a writ ofhabeas corpus. In this case the proof is clear that the son is under the age of twenty-one years.
It is next insisted that the habeas corpus issued improperly, the application having been made by the father and not the son; and that, therefore, the writ should be quashed. To support this idea the defendant's counsel have cited 6 T. R. 497; 7 T. R. 745; Cow. 672. In the first, case cited, the apprentice was twenty-two years of age. The Court, in giving their opinion, founded it not only on the apprentice being *Page 145 
of sufficient age to judge for himself, but also because he was over the age of eighteen, under which, by the statute of Anne, apprentices could not be impressed. The plain inference is, that if he had been under the age of eighteen the impressment would have been illegal, and the apprentice would have been restored to his master upon a writ of habeascorpus.
The case in 7 T. R. 745, is expressly decided on the authority of the first case it is not stated what was the age of the apprentice, but, as the Court refer to the former case, it is fair to suppose he was over the age of eighteen.
The case in Cowper, 672, is a writ of habeas corpus directed to the commanding officer of a man-of-war, on board of which the two persons intended to be brought up were acting in the capacity of common sailors, but not as prisoners. The Court said that if the men were served with subpoenas they might have been willing to attend, and that they could not be brought up as prisoners without their consent. The Court can not conceive that the case has any analogy to the one now before it except in the general words used by the Court, "that they can never be brought up as prisoners against their consent." The Court surely never intended this expression to extend to the cases of idiots, feme coverts, minors under the age of discretion, or even to minors under the age of twenty-one who are confined expressly against law.
On the other side, the counsel in support of the habeas corpus have cited 1 Bur. 339; 1 Str. 579; 2 Str. 982; 2 Bur. 1334; 1 Str. 641; 1 Bur. 542, 606; 2 Bur. 115; 1 Bur. 687; 3 Bur. 1434; 3 Bac Abr. 5, 6, 15.
Without referring particularly to those cases, it may he remarked that they go to show a writ of habeas corpus may issue at the instance of persons other than the one confined. A husband is entitled to this writ in favor of his wife, a guardian in favor of his ward, and, of course, a father for his infant son. It seems to be granted that the writ may issue at the instance of the father in favor of an infant of tender years, viz., under the age or fourteen; but that, after that age, *Page 146 
the child is deemed by law to have discretion enough to apply for ahabeas corpus if one is necessary. This presents to the Court the principal difficulty, if any exists. But in none of the cases produced does it appear that the person detained was enlisted against an express statute requiring the consent, in writing, of the parent, master, or guardian, previous to the enlistment; and from the strictest examination I have been able to give these cases, I feel confident that, had the impressments been made directly against a positive law which required the co-operation of the parent, master, or guardian, to make the impressment legal, the writ of habeas corpus might have issued at the instance of persons acting in either of those capacities, as the case might happen to be.
In the case before me the illegality entirely consists in the want of consent of the parent in writing, and it is obvious that Congress did not intend the minor should have any discretion, either as to enlistment or discharge. The whole matter is entirely a concern of the father.
Let him be discharged.